UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Damio Bernard Andrews | Crim. No. 4:12-cr-00817-TLW |
| v. | |
| United States of America | **ORDER** |

This matter comes before the Court on the motion of Defendant Damio B. Andrews, requesting the appointment of counsel in connection with his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 673. Specifically, Andrews states: "Due to the fact that the Judge have [sic] not ruled on my compassionate release motion, I'm asking the Courts [sic] to please file a motion on my behalf for a court appointed attorney so my motion can be properly supplemented." *Id.* The Court notes that it issued a detailed order on February 19, 2021, which denied Andrews' § 3582 motion after carefully evaluating both his and the Government's arguments. ECF No. 686. Accordingly, Andrews' motion is now **MOOT**. Moreover, to the extent the Court's order did not render his motion moot, the Court **DENIES** his motion after reviewing his request and the record before it.

Andrews requests that Court appoint him counsel in connection with his post-conviction § 3582 proceeding. *Id.* Specifically, he requests the Court "appoint [him] counsel to further help [him] utilize [his] right to prepare a compassionate release motion to present to the Court." *Id.* Caselaw provides guidance in connection with the appointment of counsel. "It is well settled that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson,* 501 U.S. 722, 756 (1991); *United States v. Coleman*, No. CR 3:01-506-JFA, 2020 WL 8258249, at *1 (D.S.C. July

30, 2020) ("As an initial matter, there is no general constitutional right to appointed counsel in post-conviction proceedings."). Although due process mandates the appointment for certain post-conviction proceedings, a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The Court has discretion to appoint counsel in proceedings under § 3582(c) if the interests of justice so require. *Id.*

In review of Andrews' motion and the record before it, the Court finds that he is capable—and has proven capable—of requesting compassionate release without the assistance of counsel. This is evidenced by the fact that he has sucessfully raised arguments in support of his request for compassionate release, replied to the Government's arguments in opposition, and filed other motions in connection to his request for compassionate release. ECF Nos. 660, 665, 666, 667, 665 & 669. Moreover, Andrews has not otherwise established that the interests of justice require the appointment of counsel in this case. Finally, as noted above, the Court has already adjudicated Andrews' motion for compassionate release. ECF No. 686. Thus, there is no pending motion for the Court to appoint Andrews counsel in connection with since his original motion is now moot. However, to the extent it is not moot, and based on the above analysis, the Court will **DENY** Andrews' motion for the appointment of counsel, ECF No. 673.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 18, 2023
Columbia, South Carolina